**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 12-2859

———————

UNITED STATES OF AMERICA

v.

ANTONIO VALLE,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-01-cr-00490-001)
District Judge:  Honorable J. Curtis Joyner

Submitted under Third Circuit LAR 34.1(a)
on May 22, 2013

(Opinion Filed:  June 11, 2013)

Before:  RENDELL and GREENAWAY, JR., <u>Circuit Judges</u> and
ROSENTHAL,* <u>District Judge</u>.

———————

*Honorable Lee Rosenthal, United States District Judge for the Southern District
of Texas, sitting by designation.

## O P I N I O N

**RENDELL**, <u>Circuit Judge</u>:

Defendant Antonio Valle appeals the District Court's judgment of sentence for violation of his supervised release, contending that it was procedurally unreasonable. For the following reasons, we will vacate and remand for resentencing.

I.[1]

We write principally for the benefit of the parties and therefore recount only the facts essential to our review.

On January 8, 2002, Valle pled guilty to one count of Conspiracy to Possess with Intent to Distribute More than 500 Grams of Cocaine in violation of 21 U.S.C. § 846 and one count of Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). Valle was initially sentenced to 140 months' imprisonment and five years of supervised release. His sentence of imprisonment was later reduced to 80 months but the other requirements of his sentence remained unchanged, and so Valle commenced his period of supervised release on July 12, 2007.

On May 31, 2012, the District Court held a hearing on the third petition for Valle's violation of the terms of his supervised release. In the amended third petition, the United States Probation Office alleged that Valle had been convicted of charges relating to the possession of a controlled substance in Northampton County, Pennsylvania, and that he

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C § 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

had been convicted of criminal conspiracy and two counts of insurance fraud in Montgomery County, Pennsylvania. The District Court found that Valle had been convicted of these offenses and thus had violated his supervised release. The District Court imposed a sentence of 36 months' imprisonment to run consecutively with his state-court sentences and did not impose an additional period of supervised release.

## II.

We review the procedural and substantive reasonableness of the District Court's sentence for an abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2012). We begin our review of the District Court's sentence "by ensuring that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (internal alterations and quotation marks omitted). If the District Court's sentence is procedurally sound, this Court will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided. *Id*. at 568.

Valle argues that the District Court erred by failing to properly consider the § 3553(a) factors, failing to address his potentially meritorious arguments, and by failing to adequately explain its chosen sentence. District courts must, at a minimum, "provide courts of appeals with an explanation 'sufficient for us to see that the particular

3

circumstances of the case have been given meaningful consideration within the parameters of § 3553(a).'" *Id*. at 567 (quoting *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008)). "Ultimately, '[t]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *Id*. at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

The Government argues that because Valle did not object to the District Court's procedure, Valle's claim is subject to plain error review. We have held that the defendant need not object to a district court's conclusory explanation of its sentence in order to preserve his or her challenge thereto, "if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Sevilla*, 541 F.3d 226, 231 (3d Cir. 2008) (quoting *Grier*, 475 F.3d at 571 & n.11) (internal quotation marks omitted). Valle clearly raised his contributions to the community as a small-business owner and the support he provides for his children at the sentencing hearing, so his challenge is preserved.

Having searched the record, we agree that the District Court did not adequately address Valle's arguments concerning his personal characteristics and history and that it failed to state its reasons for the 36-month sentence. This is procedural error.

We have no doubt that the District Court is well aware of its responsibilities in this respect but that it was most likely side-tracked by Valle's persistent pursuit of tangential issues.

III.

Accordingly, we will vacate the judgment of the District Court and remand for resentencing.