**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15–2504

_____

UNITED STATES OF AMERICA,

v.

ANTONIO SANTOS VALLE,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-01-cr-00490-001)
District Judge: Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Opinion Filed:  March 13, 2017)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Antonio Valle appeals his judgment of sentence and his counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Because counsel complied with Third Circuit Local Appellate Rule 109.2(a) and an independent review of the record reveals no nonfrivolous issues, *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009), we will grant counsel's motion and affirm the District Court's judgment.

I

After spending 80 months in prison for conspiracy to distribute and possession with intent to distribute cocaine, Antonio Valle repeatedly violated the terms of his supervised release. In 2008, the United States District Court for the Eastern District of Pennsylvania confined Valle to his home for three months for driving with a suspended license. In 2009, the Court sent him to a residential reentry center for six months after a series of violations, including: drunk driving, disorderly conduct (threatening a female relative), and violating the terms of his home confinement.

Despite these modifications to his supervised release, Valle's troubles with the law continued. In 2011, a Pennsylvania state court convicted him on two counts of insurance fraud and one count of criminal conspiracy, and in 2012, he was convicted of delivery of a controlled substance (cocaine) and criminal use of a communication facility. After a hearing on May 31, 2012, the District Court reviewed these convictions, found they violated Valle's terms of supervised release, and imposed a sentence of 36 months' imprisonment—the statutory maximum—to run consecutive to his state sentences. We

vacated the judgment of the District Court for procedural error, *United States v. Valle*, 527 F. App'x 158, 160 (3d Cir. 2013), and remanded for resentencing.

On remand, the District Court conducted a thorough hearing and, after explaining its reasons, resentenced Valle to 36 months' imprisonment, to run consecutive to his state prison terms. After hearing from both attorneys and engaging Valle's arguments for leniency (including his desire to be with his children), the Court found that "the nature and circumstances of the offenses" still warranted a 36-month prison sentence. App. 139. Valle's "history and characteristics" cut against him; he continued to violate his supervised release even after home confinement, electronic monitoring, and the residential reentry center. *Id.* The District Court explained that the term of imprisonment was necessary to mete out a "just punishment" for Valle's multiple, "serious[]" violations, to deter him from future illegal activity, and to protect the public from Valle's crimes. App. 140.

Valle timely filed this appeal and his counsel moved to withdraw under *Anders*.

## II[1]

When counsel finds a criminal appeal to be "wholly frivolous" despite a "conscientious examination" of the record, she may request the Court's permission to withdraw. *Anders*, 386 U.S. at 744. In reviewing counsel's *Anders* brief, "[w]e exercise plenary review to determine whether . . . the record presents any nonfrivolous issues." *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012) (citations omitted); *see also* 3d Cir. LAR 109.2(a). Frivolous issues are those which are not "arguable on their merits." *Simon*, 679 F.3d at 114 (citation omitted).

## III

Here, Valle's counsel's brief shows that she "has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The brief spends twelve pages carefully addressing any potential issues. And because our independent review found no nonfrivolous issues, we will grant counsel's motion to withdraw.

There is no basis to challenge the District Court's finding that Valle violated his supervised release. Valle admitted in his first appeal that he was convicted of crimes in Pennsylvania state court and that the District Court properly relied on those convictions to revoke his supervised release. App. 96–98. Instead of challenging the revocation

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

directly, Valle pursued the futile course of challenging the validity of his underlying conviction.

The only potential issue in this case is whether the District Court's sentence was reasonable. To make that determination, we consider whether the District Court (1) correctly calculated the "guidelines range applicable to a defendant's particular circumstances," (2) "gave meaningful consideration to the [18 U.S.C.] § 3553(a) factors" for sentencing, and (3) "reasonably applied [the § 3553(a) factors] to the circumstances of the case." *United States v. Cooper*, 437 F.3d 324, 329–30 (3d Cir. 2006).

In his first appeal, Valle conceded that the District Court properly calculated the United States Sentencing Guidelines range: 30 to 37 months' imprisonment. Valle's 36-month sentence is thus "more likely to be reasonable than one outside the guidelines range." *Cooper*, 437 F.3d at 331. The consecutive nature of the sentence was also within the Court's discretion under 18 U.S.C. § 3584(a) and USSG § 7B1.3(f).

The record made during Valle's resentencing shows that the District Court considered and reasonably applied the 18 U.S.C. § 3553(a) factors. First, the nature and circumstances of the most recent violations and Valle's history go hand in hand: the two state convictions are the latest in a long line of violations of his supervised release. In the face of ineffective lesser punishments (home confinement and the residential reentry center), the Court deemed imprisonment the only proper response to Valle's escalating crimes (from driving without a license, to drunk driving, to threats, to insurance fraud, to drug possession). Second, the Court discussed, and rejected, Valle's plea for leniency for

5

the sake of his children. Despite Valle's disappointment, his family concerns could not outweigh the other § 3353(a) factors. And third, the District Court reasonably explained why the needs of "just punishment," "adequate deterrence," and "protect[ion of] the public," 18 U.S.C. § 3553(a)(2), all supported Valle's three-year prison term. *See* App. 139–40.

In sum, Valle's sentence was substantively and procedurally reasonable. It would be frivolous to argue that "no reasonable sentencing court would have imposed" this within-Guidelines sentence. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

IV

Because counsel properly complied with our *Anders* procedures and there are no nonfrivolous issues in this case for review on appeal, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.